UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CHARLES CARMEN, | Case No.: 1:14cv886 |
| Petitioner, | Barrett, J.<br>Merz, M.J. |
| v. | |
| TERRY TIBBALS, Warden, | |
| Respondent. | |

### OPINION AND ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 10), Petitioner Charles Carmen's Objection to the Report and Recommendation ("First Objections") (Doc. 11), the Magistrate Judge's Supplemental Report and Recommendation ("Supplemental R&R") (Doc. 14), and Petitioner's Objection to the Supplemental Report and Recommendation ("Second Objections") (Doc. 17). This matter is now ripe for disposition.

### I.  STANDARDS OF REVIEW

#### A. Objections

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general

1

objection to the entirety of the Magistrate [Judge]'s report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

When objections to an order of a magistrate judge are received on a non-dispositive matter, the district judge must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72.

### B. 28 U.S.C. § 2254

Under 28 U.S.C. § 2254(a), a district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treatises of the United States." Generally that means that an application for writ of habeas corpus shall not be granted with respect to any claim adjudicated on the merits in the State court unless the petitioner properly has exhausted his administrative remedies and the adjudication either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(b), (d). "This is a 'difficult to meet,' . . . and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)). The petitioner carries the burden of proof. *Cullen*, 563 U.S. at 181.

### II. PROCEDURAL HISTORY/FACTUAL BACKGROUND

The Magistrate Judge explained the procedural history of this case at length, but by way of brief background, Petitioner was indicted on one count of attempted murder, two counts of

felonious assault, and one count of having weapons under disability. Following a bench trial on August 21, 2012, Petitioner was convicted of all charges. He was sentenced to a total of 14 years in prison. The First District Court of Appeals affirmed his conviction and the Supreme Court of Ohio declined to accept jurisdiction.

In order to address the objections raised by Petitioner, a brief factual background is necessary. On January 16, 2012, the victim approached Petitioner to confront him about an alleged debt. The discussion became tense when Petitioner refused to pay the debt. Petitioner attempted to walk away from the victim, but the victim would not let Petitioner leave. Sometime thereafter, Petitioner drew a handgun and shot the victim at close range. Petitioner continued to shoot at the victim as he fell to the ground.

There were two witnesses to the shooting – an unrelated bystander and the victim's girlfriend. When police arrived, officers found .25 caliber casings, interviewed the eyewitnesses, and acquired photographs depicting Petitioner from a nearby convenience store's surveillance camera.

Police arrested Petitioner the next day. During the interview following his arrest, Petitioner admitted to shooting the victim, but asserted he believed the victim often carried a gun and thus, feared the victim would shoot Petitioner during the verbal altercation. At trial, the eyewitnesses testified that the victim yelled and threatened Petitioner, but did not raise his hand or display any weapon prior to being shot by Petitioner.

## III.  ANALYSIS

The R&R and Supplemental R&R address two separate issues. The first is Petitioner's Motion to Correct the Record. (Doc. 8). In addition, Petitioner brings this Petition *pro se* pleading the following ground for relief:

**Ground One**: There was insufficient evidence for a reasonable trier of fact to find me guilty beyond a reasonable doubt.

A. <u>**Motion to Correct the Record**</u>

Upon review, the Magistrate Judge recommended one of Petitioner's requested changes to the record should be made. Petitioner objects, arguing his six additional requested changes to the record should be made.

The bulk of Petitioner's requested changes are factual in nature. Findings of fact by the state court are presumed to be correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Aside from his first requested change wherein the date of the offense was wrong, all of Petitioner's changes are substantive in nature. Importantly, he fails to show his requested corrections are supported by clear and convincing evidence. Accordingly, upon review, the Court finds no error in the Magistrate Judge's decision to deny Petitioner's motion is it relates to the additional requested changes.

B. <u>**Sufficiency of the Evidence**</u>

The Magistrate Judge recommends dismissing the Petition with prejudice, concluding that the Petition fails on the merits. Petitioner's objections related to sufficiency of the evidence center around his attempted murder conviction, and specifically, whether he established a self-defense claim. In support, Petitioner provides the following:

> **Supporting Facts:** A reasonable trier of fact would have found that I properly established the right to self-defense and that I was therefore not guilty of these charges. The state court of appeals unreasonably applied the facts to the applicable federal standard for insufficient evidence. There was no evidence submitted that I acted with the intent or purpose to do anything but defend myself and the children who were with me.

(Doc. 1, PageID 5).

4

As the Magistrate Judge explained, an allegation regarding insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia*, 443 U.S. 307 (1979). In such habeas cases, deference is given to the trier of fact's verdict. *Id.* Deference is also given to the appellate court's consideration of that verdict. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008).

Petitioner appears to possess a fundamental misunderstanding of what is necessary to establish an affirmative defense claim. A defendant, in this case Petitioner, bears the burden of proving a self-defense claim. Ohio Rev. Code § 2901.05. To do so, a defendant must establish: 1) he was not at fault in creating the situation; 2) he had a bona fide belief he was in imminent danger of death or great bodily harm and that his only means of escape was the use of force; and 3) that the defendant did not violate a duty to retreat or avoid the danger. *State v. Williford*, 49 Ohio St.3d 247, 249 (Ohio 1990).

Petitioner focuses on the portion of the R&R wherein the Magistrate Judge states, "[i]t is undisputed that Carmen was not at fault for creating the situation in which the shooting took place." (Doc. 11, PageID 481) (citing Doc. 10, PageID 471). He then argues, as a result, there was insufficient evidence to convict him of attempted murder. Petitioner misses the mark. In order to prove he acted in self-defense, he must establish all three of the elements set forth in *Williford*. The state court found that Petitioner had not proven he was in imminent danger of death or great bodily harm. In addition, the state court found Petitioner used excessive force. Accordingly, the state court found that Petitioner did not establish the second and third elements necessary to prove a self-defense claim, and Petitioner does not argue otherwise. Upon review of the record, the Magistrate Judge correctly concluded that there was ample evidence in which the state court have found Petitioner did not meet his burden of proof. (Doc. 10, PageID 472).

5

Having reviewed the issues presented, the undersigned agrees with the recommendations set forth in the R&R and the Supplemental R&R. Moreover, the Court agrees with the Magistrate Judge's conclusion that because reasonable jurists would not disagree with the conclusions reached, Petitioner should be denied a certificate of appealability.

## IV. CONCLUSION

Consistent with the foregoing, it is **ORDERED**:

1. Petitioners Objections (Docs. 11, 17) are **OVERRULED**;

2. The recommendations in the R&R (Doc. 10) and Supplemental R&R (Doc. 14) are **ADOPTED;**

3. The Petition (Doc. 1) is hereby **DISMISSED WITH PREJUDICE.**

4. Because reasonable jurists would not disagree with this conclusion, Petitioner is **DENIED** a certificate of appealability and the Court **CERTIFIES** to the Sixth Circuit that any appeal would be objectively frivolous.

**IT IS SO ORDERED**.

　　　　　　　　　　　　　　　　　　　　　_s/Michael R. Barrett_
　　　　　　　　　　　　　　　　　　　　　Michael R. Barrett, Judge
　　　　　　　　　　　　　　　　　　　　　United States District Court